~~RECEIVED~~

# UNITED STATES DISTRICT COURT

JUN 2 0 2024

for the

US DISTRICT COURT
MID DIST TENN

Middle District of Tennessee

_____ Division

|  |  |
|---|---|
| Brian Keith Cole | ) Case No. _____ |
| _____ | ) _____ |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
|  | ) |
|  | ) |
| "See attached" Defendants page 1 | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _Brian Keith Cole_

All other names by which
you have been known:

ID Number _435854_

Current Institution _Trousdale Turner Correctional Center_

Address _140 Macon Way_
_Hartsville_   _TN_   _37074_
   _City_     _State_   _Zip Code_

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name _Tennessee Department of Corrections_

Job or Title *(if known)*

Shield Number

Employer

Address _Rachel Jackson Bldg, 6th floor 320 6th Ave N_
_Nashville_   _TN_   _37243-0465_
   _City_     _State_   _Zip Code_

☑ Individual capacity  ☐ Official capacity

Defendant No. 2

Name _Core Civic_

Job or Title *(if known)*

Shield Number

Employer

Address _5501 Virginia Way, Suite 110_
_Brentwood_   _TN_   _37027_
   _City_     _State_   _Zip Code_

☑ Individual capacity  ☐ Official capacity

Defendant No. 3
    Name                            _Trousdale Turner Correctional Center_
    Job or Title *(if known)*
    Shield Number
    Employer                      _Core Civic_
    Address                       _140 macon way_
                             _Hartsville_   _TN_   _37074_
                                *City*       *State*    *Zip Code*
                      [☑] Individual capacity    [ ] Official capacity

Defendant No. 4
    Name                            _Vincent Vantell JR_
    Job or Title *(if known)*        _Warden_
    Shield Number
    Employer                      _Core Civic_
    Address                       _140 macon Way_
                             _Hartsville_   _TN_   _37074_
                                *City*       *State*    *Zip Code*
                      [☑] Individual capacity    [☑] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [☑] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    _"See attached" Basis for jurisdiction page 2_

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**Defendant No. 5**
Name
Job or Title
Shield Number
Employer
Address

Cleveland
Contract Monitor

Tennessee Department of Corrections
140 Macon Way
Hartsville ___ TN ___ 37074
City          State          Zip Code

☑ Individual Capacity ☑ Official Capacity

**Defendant No. 6**
Name
Job or Title
Shield Number
Employer
Address

Hill
Contract Monitor

Tennessee Department of Corrections
140 Macon Way
Hartsville ___ TN ___ 37074
City          State          Zip Code

☑ Individual capacity ☑ Official Capacity

**Defendant No. 7**
Name
Job or Title
Shield Number
Employer
Address

Katherine Arrighton
Disciplinary Hearing Officer

Core Civic
140 Macon Way
Hartsville ___ TN ___ 37074
City          State          Zip Code

☑ Individual Capacity ☑ Official Capacity

**Defendant No. 8**
Name
Job or Title
Shield Number
Employer
Address

Cynthia Christian
Grievance Chairperson

Core Civic
140 Macon Way
Hartsville ___ TN ___ 37074
City          State          Zip Code

☑ Individual capacity ☑ Official Capacity

Defendant No. 9
Name: Holly Robertson
Job or Title: HSA
Shield Number:
Employer: CoreCivic
Address: 140 Macon west
Hartsville        TN        37074
City        State        Zip Code
☐ Individual Capacity  ☑ Official Capacity

Defendant No. 10
Name: Carter
Job or Title: Nurse
Shield Number:
Employer: CoreCivic
Address: 140 macon west
Hartsville        TN        37074
City        State        Zip Code
☑ Individual Capacity  ☐ Official Capacity

Defendant No. 11
Name: Todd
Job or Title: Correctional officer
Shield Number:
Employer: CoreCivic
Address: 140 macon way
Hartsville        TN        37074
City        State        Zip Code
☐ Individual Capacity  ☐ Official Capacity

Defendant No. 12
Name: Jamieson
Job or Title: Lieutenant correctional officer
Shield Number:
Employer: CoreCivic
Address: 140 macon west
Hartsville        TN        37074
City        State        Zip Code
☐ Individual capacity  ☑ Official capacity

Defendant No. 13
Name
Job or Title
Shield Number
Employer
Address

Ecford
Lieutenant

CoreCivic
140 macon way
Hartsville        TN        37074
         City        State        Zip Code
☐ Individual Capacity  ☒ Official Capacity

Defendant No. 14
Name
Job or Title
Shield Number
Employer
Address

Antonio Byrd
Sgt        correctional officer

CoreCivic
140 macon way
Hartsville        TN        37074
         City        State        Zip Code
☒ Individual Capacity  ☐ Official Capacity

Defendant No. 15
Name
Job or Title
Shield Number
Employer
Address

Tracy Andrews
Mailroom clerk

CoreCivic
140 macon way
Hurtsville        TN        37074
         City        State        Zip Code
☒ Individual Capacity  ☐ Official Capacity

Defendant No. 16
Name
Job or Title
Shield Number
Employer
Address

Alisher Timmons
Nurse

CoreCivic
140 macon way
Hartsville        TN        37074
         City        State        Zip Code
☒ Individual Capacity  ☐ Official Capacity

Defendant No. 17
Name
Job or Title
Shield Number
Employer
Address

Elliot
Captain    Correctional officer

Core Civic
140 macon wey
Hartsville    TN    37074
City    State    Zip Code
☑ Individual Capacity ☐ Official Capacity

Defendant No. 18
Name
Job or Title
Shield Number
Employer
Address

Smith
Sergeant (Sgt)    correctional officer

Core Civic
140 macon wey
Hartsville    TN    37074
City    State    Zip Code
☑ Individual Capacity ☐ Official Capacity

Defendant No.
Name
Job or Title
Shield Number
Employer
Address

City    State    Zip Code
☐ Individual Capacity ☐ Official Capacity

Defendant No.
Name
Job or Title
Shield Number
Employer
Address

City    State    Zip Code
☐ Individual capacity ☐ Official Capacity

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*"See Attach" (page 4.D) pages 3-5*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐   Pretrial detainee
- ☐   Civilly committed detainee
- ☐   Immigration detainee
- ☑   Convicted and sentenced state prisoner
- ☐   Convicted and sentenced federal prisoner
- ☐   Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

*"See attached I.V Statement of Claim pages 6-11*

C.    What date and approximate time did the events giving rise to your claim(s) occur?

"See attached Dates giving rise to claims pages 12-14"

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

"See attached The facts underlying my claims pages 15-21"

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

"See attached injuries page 22"

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

"See attached relief pages 23-24"

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Trousdale Turner Correctional Center

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Claims 1-11

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Trousdale Turner Correctional Center

2.   What did you claim in your grievance?

"see attached Grievance pages 25-27"

3.   What was the result, if any?

"see attached Grievance pages 25-27"

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

"see attached Grievance pages 25-27"

F.    If you did not file a grievance:

　　　1.  If there are any reasons why you did not file a grievance, state them here:

_____

　　　2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____"See attach "exhibits"_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1. Parties to the previous lawsuit

        Plaintiff(s) _____

        Defendant(s) _____

    2. Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3. Docket or index number

        _____

    4. Name of Judge assigned to your case

        _____

    5. Approximate date of filing lawsuit

        _____

    6. Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition _____

    7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _6/13/24_

Signature of Plaintiff _Brian B. Cole_
Printed Name of Plaintiff _Brian Keith Cole_
Prison Identification # _435854_
Prison Address _140 Macon Way_
_Hartsville_ _TN_ _37074_
            *City*          *State*       *Zip Code*

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
            *City*           *State*       *Zip Code*
Telephone Number _____
E-mail Address _____

Defendants
  Tennessee Department of Corrections
      Core Civic
  Trousdale Turner Correctional Center
      Vincent Vantell JR
      CM Cleveland
      CM Hill
      Discip Katherine Arrighton
          Cynthia Christian
          Holly Robertson
      Nurse Carter
      Officer Todd
      LT Jamieson
      LT Ecford
      Antonio Byrd
      Tracy Andrews
      Nurse Alisha Timmons
      Captain Elliot
          Sgt Smith

Basis for Jurisdiction
My 8th amendment; my 14th amendment;
Constitution of the state of Tennessee Article
1, section 13; Constitution of the state of
Tennessee Article 1, Sec 32; TCA 4-3-603;
TCA 4-3-606

pages 4, D

1) Tennessee Department of Corrections is suppose to ensure that I'm housed in a safe and secure environment and free of harm from myself and/or other individuals. To make sure the rights and privileges aren't violated and free from inhumane treatment.

2) Core Civic a privately managed corporation under contract by Tennessee Department of Corrections is suppose to ensure that I'm housed in a safe and secure environment. For laws and policies constitutionally and institutionally be followed and upheld.

3) Trousdale Turner Correctional Center is a facility managed by Core Civic that houses state inmates in a safe and secure environment. The facility is suppose to be secure and up to code

4) Vincent Vantell JR the warden is suppose to ensure the facility runs safely and secure. To make sure his staff is following policies and no one's privileges or rights are being violated by staff and/or inmates. That my grievance procedure, and segregation is suppose to be in accordance with policy, also my disciplinary procedure.

5) CM Cleveland - TDOC employee(s) authorized by the Commissioner to monitor contract compliance at privately managed facilities. In the absence of the CMO the Contract Monitor of Compliance assigned to that facility will serve that function

page 3

Continued from 4. D)

6) CM Hill - TDOC employee(s) authorized by the Commissioner to monitor contract compliance at privately managed facilities. In the absence of the CMO the Contract Monitor of Compliance assigned to that facility will serve that function

7) Disciplinary Hearing Officer (DHO) Ihatherine Arrighton An employee appointed by the Warden/Superintendent to serve as the chairperson of the disciplinary board and to hear Class B and C disciplinary offenses. At least one alternate DHO shall be appointed by the Warden/Superintendent

8) Sgt Cynthia Christian the individual assigned by the Warden/Superintendent to supervise the inmate grievance process within the TDOC and privately managed facilities

9) HSA Holly Robertson - Qualified Health Care professional: Includes physicians, mid-level providers, nurses, dentists, mental health professionals, and others who by virtue of their education, credentials, and experience are permitted by Tennessee law to evaluate and care for patients.

10) Nurse Carter - Qualified Health Care professional: Includes physicians, mid-level providers, nurses, dentists, mental health professionals, and others who by virtue of their education, credentials, and experience are permitted by Tennesse law to evaluate and care for patients

11) Officer Todd - A TDOC employee that works for Core Civic to ensure my safety and security

page 9

Contiued from 4.D

12) LT Jamieson A ranking TDOC employee that works for CoreCivic to ensure my safety and security

13) LT Ecford A ranking TDOC employee that works for Core Civic to ensure my safety and security.

14) Sgt Antonio Byrd. Officer appointed by the Warden to monitor and investigate with gang related matters.

15) Tracy Andrews A panel which hears all Class A disciplinary offenses and those Class B offenses for which accumulated sentence credits may be taken

16) Nurse Alisha Timmons. A panel which hears all Class A disciplinary offenses and those Class B offenses for which accumulated sentence credits may be taken

17) Captain Elliot A ranking TDOC employee that works for Core Civic to ensure my safety and security.

18) Sgt Smith A ranking TDOC employee that works for Core Civic to ensure my safety and security

(Attachment) I.V Statement of Claim

B) Claim 1 - Since being in segregation defendant Vantell hasn't allowed me to recieve proper dayroom activity or allow me to order unrestricted commissary like he allows other segregated inmates to order. When I was doing punitive time in segregation certain privelleges were restricted to me. Now that my punitive time is over, defendant Vantell has extended my punishment by keeping restrictions on those same privelleges. Defendant CM Cleveland is aware of the circumstances and allows them to contiue.

B) Claim 2 - February 3rd at approximately 6:45pm-7:45pm I was stabbed multiple times by another inmate(s). Defendant Captain Elliot along with other T.D.O.C and CoreCivic staff members responded to the code that was called for assistance. After searching several other inmates and I, defendant Captain Elliot with the T.D.O.C/CoreCivic staff members put me back in my pod with no medical attention or treatment. The next day, 2/4/2024 at approximately 12:30am -1am defendant Warden Vantell with other T.D.OC and CoreCivic staff members restrained me and escorted me from my housing assignment, W building, to Alpha building, (segregation), in handcuffs and shackles. Defendant Vantell with T.D.O.C / Core Civic staff members didn't ensure I recieved medical

"Page 6"

(Attachment) I.U Statement of Claim
attention or treatment.

B) Claim 3 - On February 4th at approximately 3am
after not recieving medical attention or treatment from
defendant Nurse Carter and other CoreCivic medical
staff, defendant Sgt Smith escorted me to an
undesignated and unclean location to strip search
me. The location was Alpha Alpha inside the shower
where my nakedness was exposed to other inmates.
After the strip search defendant Sgt Smith, along
with LT Carter placed me inside my new housing
cell assignment, Alpha Alpha 126. The cell was
unclean so I requested for cleaning supplies
from Defendant Sgt Smith informing him of
my open wounds. Defendant Sgt Smith declined
to give me cleaning supplies.

B) Claim 4 - From February 4th to February
22nd I was segregated under the false
pretense of a pending investigation. On February
4th at approximately 10.30am - 11am officer Mason
served me a disciplinary report that was not in
accordance with policy. The disciplinary report
was reported and prepared by defendant Antonio
Byrd. It had multiple errors, one, it
was charged identity on investigation but then
contradicted itself by saying I'm being held

(Attachment) I.U Statement of Claim
in RHU pending investigation. Defendant Byrd
also neglected to ensure I was injured on the
report. Officer Mason signed in the wrong place and
defendant Vantell and defendant Cleveland
didn't sign off where their signature is required
about my segregation placement. On the 22nd
of February Sgt. Stevenson came with some
different disciplinary reports that had the
same errors. It was also 18 days later of me
being segregated without a signature from defendant
Vantell and defendant Cleveland properly certifying
my segregation placement. The report also neglected
to mention I was injuried along with other errors.

B) <u>Claim 5</u> - On February 26th at approximately
3pm-5pm after being past the time limit, 72
hours, pending disciplinary hearing defendant DHO
Ihatherine Arrighton proceeded to have my disciplinary
hearing. Defendant Nurse Timmons and defendant
Mailroom Clerk Hindraws were part of the disciplinary
board. Defendant Arrighton was the DHO Chairperson
Defendant Hill was the contract Monitor overseeing
the disciplinary hearing. Defendant Byrd was the
reporting official. During the hearing while pleading
my case, Defendant Hill firmly told me to stop
reciting policy if I don't he'll throw me out
and do the hearing without me being present.

(Attachment) I.U Statement of Claim

B) [continued Claim 5] - This restricted my defense and put me under extreme duress for the duration of my hearing. I was found guilty and put back in my cell.

B) Claim 6 - March 7th 2024 at approximately 9am-12pm defendant LT Ecford moved me to cell covered in Oc spray, Alpha Echo 201. I informed defendant LT Ecford multiple times about the fumes and how it was effecting my breathing. Sgt Stevenson and Officer Mukus helped me move from my old cell assignment to the new one that was covered in OC spray. Defendant LT Ecford refused to move me to another cell assignment, he said the fumes will eventually die down. I was in the cell for weeks until the fumes died down a bit.

B) Claim 7 - March 22, at approximately 4am-6am Officer Todd neglected to feed me breakfast. After complaining to officer Starling, he informed me Defendant Officer Todd went home. Defendant Todd told me she was going to return to feed my cellmate and me and never came back

B) Claim 8 - March 4/24/24 at approximately 4am-6am defendant LT Jamieson declined

(Attachment) I.V Statement of Claim

B) Icontinued Claim 8 J- to feed me breakfast.
Later that morning at approximately 7am-8am
My cellmate and I informed Cheif Carter while
doing his rounds that defendant LT Jamieson
didn't feed us. He replied that he did and I
suggested to Cheif Carter he can look at the
camera to confirm our statement. Cheif Carter
informed defendant LT Jamieson he needs to
feed me and my cellmate. I was never fed,
defendant Jamieson went home.

B) Claim 9 - On 2/28/24 at approximately 9am-3pm
Defendant HSA Robertson responded to a grievance saying
that there weren't any complaints to my pre seg paper-
work, even though I was stabbed. Defendant HSA Robertson
also neglected to thoroughly investigate her staff negligence.
Defendant HSA Robertson also responded to a sick call
form I turned in through Nurse Smith. Defendant HSA
Robertson said my lab work from March 2024
was not low, she wasn't sure what I was referring
to. The same month in March, Nurse practitioner Moore
sent me paperwork saying that my T-cell count was
below average and I needed to be seen ASAP.
Defendant HSA Robertson failed to properly investigate
my sick call request.

"Page 17"

(Attachment) I.V Statement of Claim

B) <u>Claim 10</u> - From Februcary 3rd up until now being in defendant Tennessee Department of Corrections custody at defendant Trousdale Turner Correctional Center, managed by defendant Core Civic, I have been denied medical attention, segregated against policy and procedures, privilleges taken against policy, and subjected to 8th and 14th amendment violations. Defendant CM Cleveland has denied my complaints, grievances, and appeals. Defendant Vantell has also denied my complaints, grievances, and appeals knowing policy hasn't been followed.

B) <u>Claim 11</u> - From February 10th till now defendant Sgt Christian has been denying my right to properly grieve by either not processing my grievances, deeming them inappropriate for reasons not sufficient to my complaint, and for not having hearings on them which is my right

Dates giving rise to claim(s)
2/3/24 approximately 6:30pm-7:45pm I was stabbed multiple times.

2/3/24 approximately 7:30pm-7:45pm defendant Captain Elliot and staff responded to the code that was called. Defendant Captain Elliot and staff neglected to get me medical attention.

2/4/24 approximately 12:30am-1:30am defendant Vantell and staff restrained me and several other inmates and escorted us to Alpha Unit. Neglected to ensure I recieved medical attention.

2/4/24 approximately 130am defendant Nurse Carter and other medical staff neglected to give medical attention to my stab wounds.

2/4/24 approximately 330am-5am defendant Sgt Smith stripped search me in an undestignated and unclean area where my nakedness was exposed by other inmates. Then placed me in an unclean cell.

2/4/24 approximately 1030am-11am Officer Mason served me a disciplinary report not in accordance with policy and procedure.

2/4/24 approximately 8am-11am Nurse Ebert was informed of my wounds and pain.

2/5/24 approximately 3pm-5pm defendant Antonio Bryd pulled me out the cell. During the

history they discovered I was stabbed multiple

Dates giving rise to claim(s)

times. Defendant Bryd then went and got the
nurse.

2/6/24 at approximately 12pm-3pm nurses
came after my fiancée, Brittany Russell called
and complained. They cleaned my wounds, gave
me bandaids and ointment.

2/10/24 at approximately 8am-11am after
my condition worsened from the stab wounds, chest
pains, troubled breathing, and throwing up Nurse
Jacobs sent me to Trousdale Medical Center

2/22/24 at approximately 10am-11am Sgt. Stevenson
brought some more disciplinary reports that weren't
in accordance with uniform disciplinary procedures
and had multiple errors.

2/26/24 at approximately 3pm-4pm defendant
Thatherine Hcrighton, with defendant Hill, defendant
Andrews, defendant Timmons, and defendant Bryd
proceeded to have my disciplinary hearing that
wasn't in accordance with policy.

3/7/24 at approximately 11am-1pm defendant
LT Ecford moved my cellmate and I from
Alpha Alpha 126 to a cell assignment covered
in Oe spray, Alpha Echo 201.

3/15/24 at approximately 3pm-5pm the
Officer who worked Alpha Echo signed a 51C
form witnessing and stating the OC spray fumes
were still potent and all around the door.

"Page 13"

Dates giving rise to claim(s)

3/22/24 at approximately 4am-6am defendant
Officer Todd neglected to feed me breakfast

4/7/24 at approximately 5pm-5:15pm case
manager Gardner brought me legal mail that
has already been opened and reviewed without
me being present.

4/24/24 at approximately 4am-8am defendant
LT Jamieson neglected to feed me breakfast

The facts underlying my claim(s)

I was stabbed by another inmate and my wounds were disregarded and/or not taken seriously by numerous of TDOC/Core Civic staff members. I was stabbed on 2/3/2024. Defendant Captain Elliot along with other staff members responded to the code when I was stabbed. Defendant Captain Elliot didn't ensure I recieved medical attention.

The next day on 2/4/2024 defendant Warden Vantell with AWO Bryon Ponds and assistance from other TDOC/CoreCivic staff members, including defendant Antonio Bryd handcuffed me along with several other inmates to escort us from our housing unit, W building, (where I was stabbed at), to Alpha unit, (segregation). On the way to segregation, AWO Bryon Ponds asked defendant Vantell were we stopping at the clinic, me and the other inmates being escorted, to recieve medical attention. Defendant Vantell responded "No, there're Nurses in segregation already."

Once we arrived in segregation defendant Nurse Carter along with other medical staff neglected to tend to my stabb wounds. After waiting hours in shackles and handcuffs I was escorted to a unclean and undesignated area to be stripped search by defendant Sgt Smith inside of Alpha Alpha shower where my nakedness was exposed to other inmates due to the lack of privacy. After the strip search I was then placed in a unclean cell assignment.

The facts underlying my claim(s)

I complained to defendant Sgt Smith because I had open wounds in the unclean cell assignment. I requested for cleaning supplies to clean my new cell assignment which was Alpha Alpha 126. I never recieved the cleaning supplies.

Later that morning around 10am-11am officer Mason brought me a disciplinary report, which was suppose to be a pending investigation report, that was way out of compliance according to disciplinary uniform procedures and incident reporting policy. The reporting official, defendant Antonio Bryd neglected to ensure all parties involved were implemented in the report, neglected to put I was injuried, neglected to sign in the proper places and neglected to have defendant Contract Monitor Cleveland or defendant Vantell sign confirming my segregation placement was approved according to policy.

The same day, 2/04/2024, I complained to Nurse Ebert while doing his daily rounds in Alpha Alpha unit that I was in pain from my stab wounds that medical staff neglected to tend to. Nurse Ebert diagnoised my wounds as minor and keep them clean and I'll be fine.

The next day, 2/5/2024 around 3pm-5pm defendant Antonio Bryd pulled me out my cell

assignment in Alpha Alpha 126 and brought me to an office in front of Alpha unit.

The facts underlying my claim(s)
   While in the office I was integregated by
defendant Antonio Boyd and IA Joseph Eustache.
about another incident they believed to be connected
to the incident I was stabbed in. During the integregation
I informed them both I've been stabbed multiple
times and medical was neglecting to give me proper
attention and I was still bleeding. Defendant Antonio
Boyd then went and got the nurse that was in
segregation at the time, which was Nurse Ebert.
Nurse Ebert then cleaned my wounds and once again
diagnoised all my stabb wounds as minor. I was
then placed back in my cell assignment.
   The next day on 2/6/24 when I used
the phone around 12pm-2pm I informed my fiancée,
Brittany Russell, of the neglect from staff about
my pain. After Brittany called and complained to
staff, two nurses came and pulled me out, cleaned
my wounds, then gave me some bandaids with
ointment.
   A few days after that approximately 2/9/24
2/10/24 around 9am-11am still in pain and my
condition grew worst. I was having chest pains, problems
breathing, and threw up. Nurse Jacobs pulled me out
to check on my condition, during the check she detected
something was wrong with me. I was then sent to
Trousdale Medical Center where they X-rayed me and
gave me a Cat scan.

"Page 17"

The facts underlying my claim(s)

The results came back I had bruising on my left and right lung. Fluid in my chest / lungs with some infection around some of my stab wounds. The nurses at Trousdale Medical Center cleaned my wounds thoroughly and put me on a IV to pump antibiotics in my body. I was prescribed medication to help with the infections and pain.

After being in segregation past time per policy, STG Stevenson brought me some disciplinary reports with similar errors the first one Officer Mason brought me the first time. DHO Jefferies superceded the first disciplinary report Officer Mason brought the first time with the new ones Sgt Stevenson brought approximately 2/22/24 - 2/23/24 around 3pm - 4pm. It still neglected to mention me being injured, didn't have all persons involved, the Segregation review wasn't signed off on by defendant Contract Monitor Cleveland or by defendant Warden Vantell, defendant Antonio Bryd, the reporting official wasn't in the body of the write-up according to uniform disciplinary procedures and incident reporting.

After time expired per policy, (72 hours) being in segregation pending disciplinary defendant DHO Khatherine Arrighton pushed forward with my disciplinary hearing along with defendant Contract Monitor Hill. The disciplinary board consited of defendant Mailroom Clerk Tracey Andrews and defendant Nurse Timmons,

"Page 18"

The facts underlying my claims(s)
Defendant Antonio Boyd was also present as the reporting official. During the hearing while I was relaying my defense to defendants Arrighton, Timmons, Andrews, Boyd, and Hill I was abruptly stopped by defendant Contract Monitor Hill and threatened if I continue to recite policy pertaining my disciplinary report he'll have me thrown out and continue the hearing without me being present. This restricted my defense and put me under extreme duress. After having my defense derailed by defendant Hill's threat I shut down and allowed the process to continue with few things to say in my defense. I was found guilty on both of the disciplinary reports I had hearings on.

Afterwards I was taken back to my cell assignment and recieved a response to a grievance I put on the medical staff. Defendant HSA Robertson said I had no complaints about my wounds but on the follow up my wounds were healing. I appealed that response.

A couple of weeks later on 3/7/2024 defendant LT Ecford informed my cellmate and I that we were moving to a different cell assignment. After moving inside the new cell assignment with assistance from Officer Rukus and Sgt Stevenson from Alpha Alpha 126 to Alpha Echo 201 my cellmate and I discovered it was congested with OC spray. It was hard to breath inside of the cell.

The facts underlying my claim(s)

We complained to defendant LT Ecford and Sgt Stevenson about this situation. Defendant LT Ecford did not allow my cellmate and I to relocate saying "the fumes will die down". We weren't given cleaning supplies to help the situation. Oc spray was all over the floor, walls, bunks, even on the door and inside the crevices of the door along with the food slot where we recieve our food daily.

From Febuary 10th up until now I have put in multiple grievances that defendant Sgt Christian either deemed inappropiate, didn't process properly, had a hearing on (for the ones I appealed to that level), or either didn't get a response. Defendant Sgt Christian also allows inmates to return my grievances to me after Warden's responses which is also against policy.

On 3/22/24 officer Todd (defendant) neglected to feed my cellmate and I breakfast. Defendant Todd ran out of food trays before she got to my cell. Defendant Todd said she was coming back and never did. Officer Starling came in the pod and my cellmate and I asked where defendant Todd went because she didn't feed us. He informed us that she went home and he'll try to get us fed. We didn't eat.

The facts underlying my claim(s)
On 4/24/24 defendant LT Jamieson
neglected to feed my cellmate and I. Later
that morning when Chief Carter came through
doing his rounds we informed him we didn't
eat. I told him he could well at camera footage
to confirm that. He informed defendant LT
Jamieson that he needs to feed us. We never
recieved our food even after the directive from
Chief Carter to defendant LT Jamieson.

I wrote multiple grievances on these matters
including being in a cell assignment congested
with OC spray, my legal mail being opened when
I wasn't present, violation of my disciplinary
produres, being subjected to cruel and unusual
punishment, medical mal practice, mal treatment
official misconduct, official oppression, and
negligence. Defendant Christian hasn't been carrying
out her obligations as the grievance Chairperson.
These grievances were either deemed inappropriate,
in the appeal process, past the time limit of response
or still pending. Nonetheless they all have one
thing in common, defendant Christian hasn't had
a hearing on none of them. I wrote numerous
of request to administration, talked to them
verbally and sent letters to no avail. My fiancée,
Brittany Thussell, and sister, Jasmine Billingslea,
have contacted individuals outside the facility for help to avail

## Injuries

When I was stabbed on February 3rd my wounds werent properly cleaned by medical staff until the 5th of February. They were cleaned again on February 6th, when my condition worsen I was sent to Trousdale Medical on February 10th where I recieved X-rays, Cat Scan, and my wounds were cleaned thoroughly. An Iv was hooked up to me to run antibiotics through my body. I was also given a tb shot, then I was prescribed multiple medication. I also suffered mental and emotional pain that I complained to mental health about.

Relief

Claim 1 - Injuctive relief, start allowing inmates who aren't on punitive time, and completed serving their sanctions be allowed proper dayroom activity and order non-restrictive commissary. Punitive damages; "4.5 million dollars for pain and suffering

Claim 2 - Punitive damages, 4.5 million dollars for pain and suffering

Claim 3 - Punitive damage, $700,000, Injuctive relief, to pass out cleaning supplies allowing segregated inmates to clean out their cells atleast three times a week.

Claim 4 - Injuctive relief, to ensure that incident reporting and segregation policy be followed accordingly. Punitive damages, $50,000 for pain and suffering

Claim 5 - Injuctive relief, to repremand my disciplinary board hearing and have it according to the uniform disciplinary procedures. Punitive damages $1.5 million for pain and suffering

Claim 6 - Punitive damage 2 million dollars for mental pain and suffering, 2 million dollars for physical pain and suffering

Claim 7 - Injuctive relief, to ensure that staff serve food according to policy, Stop letting other events and/or circumstances prevent staff from feeding on time to jeopardize the temperature of hot meals. $50,000 in punitive damage for physical pain and suffering

Claim 8 - Injuctive relief to ensure that staff serve food according to policy. Stop letting other circumstances prevent staff from feeding on time to jeopardize the temperature of hot meals. $50,000 in punitive damages for physical pain and suffering

Relief

Claim 9 - Injuctive relief, to ensure that medical staff reply to sick calls in a timely manner for segregated inmates and to properly investigate sick cell matters before replying to them. Punitive damage, $10,000 for negligence.

Claim 10 - Punitive damage, $1,5 million for mental pain and suffering. $500,000 for mal treatment

Claim 11 - Injuctive relief to respond, acknowledge and properly process all inmate grievances. Punitive damage, $1,5 million for negligence. $2 million for mental pain and suffering

# Grievance

I wrote several different grivances about my complaints. In one grievance (7309-364775) I put violation of due process, official oppression, and official misconduct. I was improperly segregated. I was wrote up for Assault on offender. The write-up wasn't properly written up, served, or signed according to policy and procedures. D-Board still pushed foward with the process anyway. I've been held in segregation under pending investigation without being served a pending investigation write up signed by the Warden. The whole incident hasn't been properly investigated or handled since it happend.

In another grievance (7275-364408) in this grievance description of my problem was medical mal practice, neglection of medical attention, and pain and suffering (mentally and physically). I explained how I was stabbed and denied medical attention. How it took a few days after getting stabbed and catching an infection to go to the hospitial. How the staff failed to properly ensure my safety and health

In another grievance (doesn't have a number) the description of my problem was official misconduct, official oppression, cruel and unusual punishment that I've been subjected to, which is still ongoing I explained how since I've been segregated how I've been subjected to cruel and unusual punishment. There's been several occassions

Grievance

where staff neglected to feed me, refuse to give me cleaning supplies, give me medical mail that was important to my health on time, neglected to give me medical attention at times of need. Staff also moved me in a cell that I'm currently housed in that's covered in Oc spray that effected my breathing. Also the serving food policy hasn't been followed. I also complained about my segregation placement

The result to the grievance (7309-364775) was deemed inappropriate. I appealed the inappropriate which moved it to a level 2. I never had a hearing on the matter which is what policies permit. AWC Huggins concured with the Class A board decision that policy 502.01 was followed. I appealed that decision. The Warden, Vantell, concured with AWC Huggins decision. I appealed that decision, then the assistant Commissioners of prisons concured with Warden Vantell.

The result to grievance (7275-364408) was a response from HSA Robertson. Not agreeing with that response, I appealed that response. Just like my other grievances I was denied my right to have a hearing on the matter once it went to level 2. I also never heard anything back from it since I appealed that response

Grievance

The result to my other grievance, which wasn't processed properly was deemed inappropriate. I appealed that decision. It was returned back to me with no grievance number, or a response from a supervisor. I turned it back in after having a staff member witness the appeal. It was given back to me with the same result, no grievance number or supervisor response. The grievance chairperson Sgt Christian neglected to process my grievance properly and acknowledge it.

Grievance (7309-364775) was appealed through all three levels, that grievance process is complete. Grievance (7275-364408) has been appealed to level 2, I have yet to have a hearing on this grievance or recieved any new updated information on it in order to proceed foward with the matter, even after months of waiting. The result to my other grievance (the one with no grievance number) has been denied being properly processed or acknowledge by grievance chairperson Sgt Christian.

"Page 21"

Brian H. Cole #435854
140 Macon way
Hartsville, TN 37074

RECEIVED
JUN 20 2024
US DISTRICT COURT
MID DIST TENN



THE STATE DEPT OF CORRECTION
IS NOT RESPONSIBLE FOR THE CONTENTS

Clerk's office U.S. District Court
Middle District of Tennessee
801 Broadway
Nashville, TN 37203